**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| WILLIAM COLEMAN, | : | |
| | : | Civil Action No. 10-3321 (MLC) |
| Plaintiff, | : | |
| | : | **O P I N I O N** |
| v. | : | |
| | : | |
| MONMOUTH MEDICAL CENTER, et al., | : | |
| | : | |
| Defendants. | : | |
| | : | |

**APPEARANCES:**

WILLIAM COLEMAN, Plaintiff pro se, #18598
Monmouth County Correctional Institution, 1 Waterworks Road
Freehold, New Jersey 07728

**COOPER**, District Judge

Plaintiff, William Coleman, a state inmate confined at the Monmouth County Correctional Institution in Freehold, New Jersey, when he submitted this Complaint for filing, seeks to bring this action in forma pauperis.  Based on the affidavit of indigence, the Court will grant the application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court to file the Complaint.

The Court must now review the Complaint, pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.  For the reasons set forth below, the Complaint will be dismissed.

**BACKGROUND**

Coleman brings this civil action pursuant to 42 U.S.C. § 1983 against the Monmouth Medical Center and All Jane and John Does 0-100 (fictitious medical staff at Monmouth Medical Center). (Complaint, Caption and ¶ 4b).  The following factual allegations are taken from the Complaint, and are accepted for purposes of this screening only.  The Court has made no findings as to the veracity of the allegations.

Coleman alleges that, on December 8, 2009, he was taken to the Monmouth Medical Center by police officers after he was beaten by them.[1]  The medical staff attempted to take a CT scan of Coleman, but he was unable to hold his head still because he was choking from blood and saliva.  The police officers attempted to keep him still by forcing his head down, and pulling his hair from the opening of the scanner.  The officers also cursed about having to stay at the hospital.  The officers then searched Coleman's pockets and down his pants, in front of the medical staff, despite his cries from back pain.  (Compl., ¶ 6).

Coleman alleges that the hospital and the medical staff failed to provide proper medical care because they did not intervene to stop the police from handling him at the hospital. He also claims they were part of a "vindictive" and "unethical"

---

[1]  Coleman has brought a separate action against the police officers and the Long Branch Police Department as to this alleged incident of December 7 or 8, 2009.  See Coleman v. Long Branch Police Dep't, et al., No. 10-2613 (MLC) (currently pending).

attempt to assist the police in covering up the assault.  (Id.).
He seeks more than $5 million dollars in punitive, compensatory
and emotional damages because he suffered from mental, physical
and emotional damage from the defendants' inaction.

### STANDARDS FOR A SUA SPONTE DISMISSAL

The Court must review a complaint in a civil action in which
a prisoner is proceeding in forma pauperis or seeks redress
against a governmental employee or entity.  The Court is required
to identify cognizable claims and sua sponte dismiss any claim
that is frivolous, malicious, fails to state a claim upon which
relief may be granted, or seeks monetary relief from a defendant
who is immune from such relief.  28 U.S.C. §§ 1915(e)(2)(B) and
1915A.  This action is subject to screening for dismissal under
both 28 U.S.C. § 1915(e)(2)(B) and § 1915A.

In determining the sufficiency of a pro se complaint, the
Court must be mindful to construe it liberally in a plaintiff's
favor.  See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007)
(following Estelle v. Gamble, 429 U.S. 97, 106 (1976) and Haines
v. Kerner, 404 U.S. 519, 520-21 (1972)); see also United States
v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The Court must "accept
as true all of the allegations in the complaint and all reasonable
inferences that can be drawn therefrom, and view them in the light
most favorable to the plaintiff."  Morse v. Lower Merion Sch.
Dist., 132 F.3d 902, 906 (3d Cir. 1997).  But the Court need not

3

credit a pro se plaintiff's "bald assertions" or "legal conclusions."  Id.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989) (interpreting the predecessor of § 1915(e)(2), the former § 1915(d)).  The standard for evaluating whether a complaint is "frivolous" is an objective one.  Deutsch v. United States, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

A pro se complaint may be dismissed for failure to state a claim if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  Haines, 404 U.S. at 521 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); see Erickson, 551 U.S. at 93-94 (in pro se prisoner civil action, the Court reviewed whether complaint complied with pleading requirements of Rule 8(a)(2)).

In Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009), the issue presented was whether Iqbal's civil rights complaint adequately alleged defendants' personal involvement in discriminatory decisions regarding Iqbal's treatment during detention that, if true, violated his constitutional rights.  Id.  The Court examined Federal Rule of Civil Procedure 8(a)(2), which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief".[2]  Citing Bell

---

[2]  Rule 8(d)(1) provides that "[e]ach allegation must be simple, concise, and direct.  No technical form is required".

4

Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007), for the proposition that "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" Iqbal, 129 S.Ct. at 1949, the Supreme Court identified two working principles underlying the failure to state a claim standard:

> First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice ... .  Rule 8 ... does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.  Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.  But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not "show[n]"-"that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

Iqbal, 129 S.Ct. at 1949-50 (citations omitted).

The Court further explained that

> a court . . . can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Id. at 1950.

Thus, to prevent a summary dismissal, civil complaints must allege "sufficient factual matter" to show that a claim is

facially plausible.  This then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id. at 1948.  Iqbal emphasizes that a plaintiff must demonstrate that the allegations in a complaint are plausible.  Id. at 1949-50; see Twombly, 505 U.S. at 555, & n.3; Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009).

Iqbal provides the "final-nail-in-the-coffin for the 'no set of facts' standard" set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957),[3] that applied to federal complaints before Twombly. Fowler, 578 F.3d at 210.  A district court must now conduct the two-part analysis set forth in Iqbal:

> First, the factual and legal elements of a claim should be
> separated.  The District Court must accept all of the
> complaint's well-pleaded facts as true, but may disregard
> any legal conclusions. [Iqbal, 129 S.Ct. at 1949-50].
> Second, a District Court must then determine whether the
> facts alleged in the complaint are sufficient to show that
> the plaintiff has a "plausible claim for relief." [Id.]  In
> other words, a complaint must do more than allege the
> plaintiff's entitlement to relief.  A complaint has to
> "show" such an entitlement with its facts.  See Phillips,
> 515 F.3d at 234-35.  As the Supreme Court instructed in
> Iqbal, "[w]here the well-pleaded facts do not permit the
> court to infer more than the mere possibility of misconduct,
> the complaint has alleged-but it has not 'show [n]'-'that
> the pleader is entitled to relief.'"  Iqbal, [129 S.Ct. at
> 1949-50].  This "plausibility" determination will be "a

---

[3]  In Conley, a district court could summarily dismiss a complaint for failure to state a claim only if it appeared beyond doubt that a plaintiff could prove no set of facts in support of a claim that would show entitlement to relief.  355 U.S. at 45-46.  Under this "no set of facts" standard, a complaint could effectively survive so long as it contained a bare recitation of the claim's legal elements.

context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

Fowler, 578 F.3d at 210-11.

This Court is mindful, however, that the sufficiency of this pro se pleading must be construed liberally in Coleman's favor, even after Iqbal.

## SECTION 1983 ACTIONS

To state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

## ANALYSIS

The allegations in the Complaint may be construed as a denial of medical care claim in violation of the Fourteenth Amendment because it appears that plaintiff was not a convicted person at the time the incident occurred.  However, as an initial matter, this Court finds that the Complaint is subject to dismissal because the defendants are not "state actors" subject to liability under § 1983.

Coleman brings this action against the Monmouth Medical Center and its medical staff.  But he fails to allege any facts to show that these defendants were acting under color of state law.  Although the Doe medical staff defendants are "persons"

pursuant to the first element for § 1983 liability, Coleman has not alleged sufficient facts to show that they are state actors to bring a claim under § 1983.

Before private persons can be considered state actors for purposes of § 1983, the state must significantly contribute to the constitutional deprivation, e.g., authorizing its own officers to invoke the force of law in aid of the private persons' request. Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1266 (3d Cir. 1994). A private person may fairly be said to be a state actor "when (1) he is a state official, (2) he has acted together with or has obtained significant aid from state officials, or (3) his conduct is, by its nature, chargeable to the state." Angelico v. Lehigh Valley Hosp., 184 F.3d 268, 277 (3d Cir. 1999). Here, Coleman fails to allege that the medical staff were state officials, acted with significant aid from state officials, or acted in a manner that could be charged to the state. Merely invoking the bald elements of a legal claim that the medical staff were acting in concert with the police officers is not sufficient without factual support to state a cognizable claim. See Iqbal, 129 S.Ct. at 1949. Accordingly, the Complaint must be dismissed for failure to state a claim as to the Doe medical staff defendants.

The Monmouth Medical Center also is not a "person" subject to liability under § 1983. See Grabow v. S. State Corr. Fac., 726 F.Supp. 537, 538-39 (D.N.J. 1989). Coleman has not alleged facts

sufficient to show that Monmouth Medical Center is a public health care entity or that its medical staff are state employees acting in furtherance of state objectives or authorization.  The claims against this defendant must be dismissed.

The allegations of misconduct by these defendants also fail to rise to the level of a constitutional deprivation.  Coleman does not allege any facts to show that the medical staff refused to treat him or acted in a manner excessive in relation to any stated purpose of security and administration, which a court may infer was intended as punishment and retaliation.  See Hubbard v. Taylor, 399 F.3d 150, 158-63 (3d Cir. 2005); Newkirk v. Sheers, 834 F.Supp. 772, 781 (E.D. Pa. 1993).  Accordingly, the Complaint fails to state a claim that Coleman was denied medical care in violation of his rights under the Fourteenth Amendment, and therefore, the Complaint must be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

## CONCLUSION

The Complaint will be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), for failure to state a claim upon which relief may be granted.  The Court will issue an appropriate order and judgment.

       s/ Mary L. Cooper        
**MARY L. COOPER**
United States District Judge

Dated:    December 30, 2010